UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Judgment Creditor,

-v.-

ROBERT EUGENE McGRAW, II,
Judgment Debtor,

THE VANGUARD GROUP, INC.,

Third Party Respondent.

20 Cr. 85 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Presently before the Court is the Government's motion for entry of a turnover order, pursuant to 18 U.S.C. § 3613, Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing the third-party respondent, The Vanguard Group, Inc. ("Vanguard"), to liquidate securities as needed to pay the full value of Mr. McGraw's Individual Retirement Account ("IRA") to the Clerk of Court toward the criminal restitution owed to the victim of his crime. (*See* Dkt. #35-37). Mr. McGraw has objected, arguing in relevant part that the Government is not entitled to the immediate turnover of Defendant's IRA because the Court's Amended Judgment (Dkt. #33 at 6 (citing Dkt. #26 at 2-4 (explaining the payment schedule))) did not provide for immediate payment, and Defendant is not in default (*see* Dkt. #41 at 13-17).

On September 21, 2026, the Second Circuit issued its decision, *In re IIG Structured Trade Fin. Fund, Ltd.*, which held that, consistent with "the plain text of the Mandatory Victims Restitution Act," the Government was "not

entitled to a turnover order to collect the full value of the assets above and beyond the payment schedule" when the judgment "did not make the full restitution amount due immediately and contained a payment schedule which established a fixed monthly payment, and … [the defendant] remained in compliance with that payment schedule." No. 25-2577, 2026 WL 2819201, at *1 (2d Cir. Sept. 21, 2026). Said differently, in absence of language in a judgment indicating that funds are immediately due, "the imposition of the payment schedule establishing a fixed payment precludes the [G]overnment from seeking to collect the entire amount of the restitution immediately in the absence of a default on the payment schedule." *Id.* at *9.

In light of this decision, the parties are hereby ORDERED to show cause in writing, on or before **October 30, 2026**, why the Government's motion for entry of a turnover order should not be denied. If the Government wishes to withdraw its motion, it should do so before this time.

SO ORDERED.

Dated: September 22, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge